14	In the Matter of the Claim of the Estate of MICHAEL L. GIUFFRE, Claimant, v. FAGO BROTHERS CONTRACTING Co., INC., et al., Appellants. WORK-MEN'S COMPENSATION BOARD, Respondent.— The employer and its carrier appeal from a decision and award of death benefits to a widow and dependent child of a deceased employee contending that there is no substantial evidence to support the board's findings that he sustained an accidental injury arising out of or in the course of employment and that his death was not causally related thereto. Late in the afternoon of February 18, 1960 the lifeless body of deceased, then 45 years of age and employed as a truck driver, was found in the snow to the rear of a small truck loaded with stone dust used in the blasting operations of the employer which had been backed to the entrance of a small garage wherein the material was to be dumped and stored. The circumstances of his death were unwitnessed. An autopsy revealed the presence of arteriosclerosis in the coronary arteries, a healed infarct of the posterior surface of the left ventricle and a fresh thrombus and occlusion of the left anterior descending coronary artery; in the official certificate of death the immediate cause of death was stated to be the occlusion with coronary arterio-sclerosis as its underlying cause. It appears that one of the entrance doors of the structure used for storage was missing and that the other was wedged in an open position by ice and snow. In lieu thereof a canvas tarpaulin measuring 8 feet 6 inches by 10 feet 6 inches held in place by a strip of lumber nailed across the top of the doorway and estimated by a coemployee to weigh between 150 and 175 pounds when wet and frozen had been hung drapelike across the entire opening during inclement weather to protect the stored material from exposure to snow and moisture which impaired its usability for the purposes intended; to permit the entry of the rear of the truck into the storage facility in order that the unloading process might be completed by its mechanical dumping device the tarpaulin had to be removed; it was the practice of employees to accomplish this first by mounting the rear of the truck after it had been positioned close to the entrance, then by lifting the tarpaulin manually and finally by casting it upon the roof of the building above the entranceway. There was testimony that the tarpaulin was " a clumsy thing " and heavy enough to require " a couple of men " to pull it up. On the day of his death deceased was working alone. His footprints were observed in the stone dust which the truck carried. It also appears that on November 19, 1959 deceased while working for the same employer had sustained an industrial accident in the nature of a fracture of the meta-tarsal bone of his right foot. Although advised by his doctor not to return to work until February 1, 1960 he actually took up employment on January 18 and thereafter until his death complained on occasion about the strenuousness of his work which he was assigned to undertake. The place where the body was found, its position in relation to the truck and that of the vehicle itself, the presence of footprints in the material conveyed, the fact that the tarpaulin had been raised and the inferences that might be drawn therefrom are suffi-cient to sustain the board's findings that immediately prior to his death deceased was engaged in strenuous physical work of sufficient magnitude to affect his already damaged heart. (*Matter of Kozlowski* v. *Rogers,* 3 A. D. 2d 873; *Matter of Oksman* v. *Quist Constr. Co.,* 9 A. D. 2d 972; *Matter of Solomon* v. *Solo Slipper Corp.,* 11 A. D. 2d 573, mot. for lv. to app. den. 8 N Y 2d 709; *Matter of Weisel* v. *National Transp. Co.,* 14 A. D. 2d 621, mot. for lv. to app. den. 10 N Y 2d 708.) On the issue of causation there was the not unusual conflict of medical opinion. One of appellants' medical

witnesses conceded that if, in fact, decedent had lifted "a heavy weight" he "would be less certain" in his opinion denying causality. In any event that of claimant's expert was substantial and the board was warranted in accepting it. Decision and award unanimously affirmed, with costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.